# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

SANDY JENEAN BURCH,       )
                                   )
        Plaintiff,        )
                                   )
       vs.              )      Case No. 2:12CV29 HEA
                                   )
CAROLYN W. COLVIN,[1]     )
Acting Commissioner of Social Security,   )
                                   )
        Defendant.     )

---

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff was 34 years old at the time of the hearing. She is a high school graduate with a half a year of college. The ALJ found Plaintiff had the impairments of: bipolar disorder, PTSD, borderline personality disorder,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

hyperglycemia with suspicion of diabetes mellitus II, obesity, and migraine headaches.                                                                               .

At the September 22, 2010 hearing, Plaintiff testified that she dropped out of college because of migraine headaches, which she has usually once per week. Plaintiff takes Topamax for her headaches. Her headaches last about three days. Plaintiff testified that she is bipolar, has PTSD, and major depressive disorder. Plaintiff becomes angry at people for no reason, when she is manic, she stays "up" for days at a time, then she will sleep two or three days, not wanting to get out of bed. She has flashbacks of her ex-husband beating her.

Plaintiff was hospitalized because she was suicidal, but did not actually hurt herself. Plaintiff also has flashbacks of her father raping her and she attempted physical injury in 1998.

Plaintiff attended vocational rehabilitation, and she was placed at Meritt's. She previously worked as a cashier at Wal-Mart, but she had panic attacks and would leave the cash register for about 10 minutes to go to the bathroom.

Plaintiff also did telemarketing, but could not handle the stress of the job. Plaintiff watches TV and plays with her cats. She goes shopping about once per month for groceries. Plaintiff lives with her mother. She sometimes cooks small meals, she has one friend in Texas, and has no social activities. She gets nightmares every night. She hears voices a couple of times a week when she is

alone.  The voices tell her she is worthless.  She often breaks down and cries; she forgets things and does not handle criticism well.

A psychological expert also testified.  Dr. Sternes reviewed Plaintiff's records.  Dr. Sternes determined that she was bipolar, has a major depressive disorder and PTSD.  Plaintiff responds quickly to medication and talk therapy.  Dr. Sternes determined there are no marked areas and that Plaintiff understands, can remember and carry out instructions as long as they are short and simple.  She can adapt to most changes in the workplace.  She can make simple work-related decisions.  Plaintiff has mild difficulties in maintaining concentration, persistence and pace.

A medical expert also testified.  He testified that, based on Plaintiff's physical impairments, Plaintiff could function at a medium RFC.

A vocational expert also testified.  The VE testified that Plaintiff could perform unskilled work and at light exertional level. Plaintiff could perform light or medium exertional level work, with very little public contact; cleaning work; clothing sorter; laundry attendant.  The VE testified there are jobs that satisfy these requirements, though the number is limited.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., and XVI of the Act, 42 U.S.C. §

1381, *et seq.*, was denied and Plaintiff timely requested a hearing by an Administrative Law Judge. A hearing was held on September 22, 2010. On October 13, 2010, the ALJ issued an unfavorable decision. On February 16, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person as one who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an

individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545

(a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined

at Step One that Plaintiff had not engaged in substantial gainful activity since July 29, 2009, the application date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, PTSD, borderline personality disorder, hyperglycemia with suspicion of diabetes mellitus II, obesity, and migraine headaches. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the non-exertional limitations of: she can understand, remember and carry out short simple instructions, adapt to most work place changes and make simple decisions. Plaintiff will perform best in settings where she is relatively independent with limited social contact, such as the contact that is require with co-worker, supervisors and the general public..

At Step Four, the ALJ determined that Plaintiff is unable to perform any past relevant work.

At Step Five, the ALJ considered Plaintiff's RFC, age, education, and work experience to determine that there are jobs that exist in the national economy that Plaintiff can perform.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id*.  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'"  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th

Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: the ALJ failed to properly consider opinion evidence; the Hearing Decision improperly analyzes Plaintiff's credibility under 20 CFR § 404.1529(c) and Social Security Ruling 96-7 .

## RFC and Medical Evidence

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage,

effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

The ALJ considered the opinion of Reginald Westhoff, a treating nurse. He gave Mr. Westhoff's opinion little weight because it was inconsistent with his treatment notes and not supported by the medical evidence. It was not consistent with the evidence of record. Plaintiff's symptoms increased related to events in her life, i.e., problems with her husband, which were quickly improved with treatment. Moreover, the ALJ note that the treatment records from February 2010 through June 2010 show Plaintiff was not a suicide risk. Situational depression does not render one disabled. *Gates v. Astrue,* 627 F.3d 1080, 1082 (8th Cir. 2010). Indeed, if an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010).

Missing doses of medication also contributed to the ALJ"s findings. Dr. Sternes testified that Plaintiff needed to maintain a consistent level of medication in her blood for them to have a therapeutic effect.

**Claimant's credibility under 20 CFR § 404.1529(c) and Social Security Ruling 96-7**

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ discussed his reasons for his conclusions. The ALJ observed that Plaintiff's daily activities supported a higher level of functional ability than Plaintiff claimed. Plaintiff claimed to not be able to do a number of activities, however, the record shows that she moved to Missouri to care for her sick mother. She cared for pets, did some cooking, visited with a friend from Texas, took on-line college classes, performed chores, and shopped. Plaintiff's social worker, Cindy Tarrant, indicated that Plaintiff could perform all household chores, shopping, yard work, preparing simple meals. Ms. Tarrant also noted that Plaintiff continued to drive, talked to friends on the telephone and on the internet, and

watched TV and movies.

The Court finds that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

The ALJ's findings are clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in her disability report, and the ALJ's credibility findings. The ALJ applied the proper standard to the facts before him and his determination of whether Plaintiff was disabled.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 3rd day of February, 2014.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE